1
2
3
4
5
6
7
8
9

UNITED STATES DISTRICT COURT

10

SOUTHERN DISTRICT OF CALIFORNIA

11

| | | |
|---|---|---|
| 12 Lee Chapman, | ) | Civil No. 12cv0011 AJB |
| 13                  Plaintiff, | ) | |
| 14 v. | ) | **Order Granting Motion to Proceed *In*** |
| | ) | ***Forma Pauperis*, Dismissing Complaint** |
| 15 State of California; San Diego County | ) | **for Failure to State a Claim, and Denying** |
| Sheriff's Department; San Diego Police | ) | **Motion for Appointment of Counsel** |
| 16 Department; San Diego Community College | ) | |
| District, | ) | [Docs. 2, 3] |
| 17                  Defendants. | | |

18

19      On January 4, 2012, the Plaintiff, Lee Chapman, a non-prisoner proceeding *pro se*, commenced

20 this action against Defendants State of California, San Diego County Sheriff's Department, San Diego

21 Police Department and San Diego Community College District.  Plaintiff moves to proceed in forma

22 pauperis ("IFP") pursuant to 28 U.S.C. § 1915(a) and argues that an appointment of counsel is required

23 pursuant to 28 U.S.C. § 1915(e)(1).  For the following reasons, the Court **GRANTS** Plaintiff's motion to

24 proceed IFP but sua sponte **DISMISSES** his Complaint for failure to state a claim.  Additionally, due to

25 the dismissal for failure to state a claim, the Court **DENIES** as premature Plaintiff's motion to appoint

26 counsel.

27
28

I.      **Motion to Proceed *In Forma Pauperis***

Plaintiff moves to proceed IFP under 28 U.S.C. § 1915(a).  Section 1915(a) allows a court to authorize a lawsuit's commencement without payment of the filing fee if the plaintiff submits an affidavit demonstrating his or her inability to pay the filing fee.  Such affidavit must include a complete statement of the plaintiff's assets. However, an IFP action is subject to dismissal if the court determines that the complaint is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary damages against a defendant who is immune from liability for such damages.  28 U.S.C. § 1915(e)(2).  When a plaintiff moves to proceed IFP, the court first "grants or denies IFP status based on the plaintiff's financial resources alone and then independently determines whether to dismiss the complaint" pursuant to § 1915(e)(2).  Franklin v. Murphy, 745 F.2d 1221, 1226 n.5 (9th Cir. 1984). Here, Plaintiff has submitted an affidavit in support of his IFP motion indicating that he is unemployed, receives no assistance or benefits, and owns no real or personal property.  Accordingly, the Court finds that Plaintiff meets the § 1915(a) requirements and **GRANTS** Plaintiff's motion to proceed IFP.

II.     **Sua Sponte Dismissal for Failure to State a Claim**

Plaintiff does not state a specific claim on which relief may be granted.  A court may dismiss the case at any time if it determines the plaintiff failed to state a claim on which relief may be granted pursuant to § 1915(e)(2).  Barren v. Harrington, 152 F.3d 1193, 1194 (9th Cir. 1998).  "A plaintiff must allege facts, not simply conclusions, that show that an individual was personally involved in the deprivation of his civil rights." Id.  A court will deny any motion that fails to present a legal and factual basis. Id.  Here, Plaintiff's Complaint arrives at vague conclusions without alleging specific constitutional or civil rights violations.  His pleading fails to state facts against each defendant who allegedly violated his rights and does not describe the actions leading to several alleged arrests.  As a result, Plaintiff has not presented a sufficient basis for a cognizable claim on which relief may be granted. Pursuant to § 1915(e)(2), the Court **DISMISSES** the Complaint ***without prejudice*** for failure to state a claim.

III.    **Motion to Request Appointment of Counsel**

In his motion to appoint counsel, Plaintiff argues that an appointment of counsel is required in this case based upon his indigent status and complications with law enforcement. "[T]here is no absolute

right to counsel in civil proceedings." <u>Hedges v. Resolution Trust Corp. (In re Hedges)</u>, 32 F.3d 1360, 1363 (9th Cir. 1994) (citation omitted).  Thus, federal courts do not have the authority "to make coercive appointments of counsel." <u>Mallard v. United States District Court</u>, 490 U.S. 296, 310 (1989); <u>see also</u> <u>United States v. $292,888.04 in U.S. Currency</u>, 54 F.3d 564, 569 (9th Cir. 1995).  Districts courts have discretion, however, pursuant to 28 U.S.C. § 1915(e)(1), to "request" that an attorney represent indigent civil litigants upon a showing of exceptional circumstances.  <u>See</u> <u>Terrell v. Brewer</u>, 935 F.2d 1015, 1017 (9th Cir. 1991); <u>Burns v. County of King</u>, 883 F.2d 819, 823 (9th Cir. 1989).  "A finding of exceptional circumstances requires an evaluation of both the 'likelihood of success on the merits and the ability of the plaintiff to articulate his claims *pro se* in light of the complexity of the legal issues involved.' Neither of these issues is dispositive and both must be viewed together before reaching a decision.'" <u>Id.</u> (quoting <u>Wilborn v. Escalderon</u>, 789 F.2d 1328, 1331 (9th Cir. 1986)).

Here, the Court cannot appoint counsel when Plaintiff has not yet stated a cognizable claim. Having dismissed the Complaint, the Court concludes that this motion is premature and therefore, there is no basis for appointment of counsel pursuant to 28 U.S.C. § 1915(e)(1) at this time.  Plaintiff's motion to appoint counsel is **DENIED *without prejudice***.

**IV.   Conclusion**

For the reasons set forth above, the Court **GRANTS** Plaintiff's motion to proceed IFP but **DISMISSES** his Complaint without prejudice for failure to state a claim. Consequently, the Court **DENIES** as premature Plaintiff's motion for appointment of counsel, also without prejudice. Plaintiff has sixty (60) days to submit an amended Complaint correcting the deficiencies noted herein. Failure to do so will result in the Court's dismissal of this case.

**IT IS SO ORDERED.**

DATED:  January 12, 2012

_Signature_

Hon. Anthony J. Battaglia
U.S. District Judge